[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION de MOTION FOR ORDER (#128)
The parties' marriage was dissolved by decree (Coppeto, J.) entered June 6, 1989 at which time orders for periodic alimony and child support were entered. The separation agreement was incorporated in the judgment. The defendant's obligations to pay periodic alimony and child support pursuant to Articles III and VII were suspended retroactively to August 21, 1955, without prejudice to the plaintiff being heard, by order (#110) entered July 29, 1996 (Kavanewsky, J.). The order also directed plaintiff to execute a second mortgage on her real estate in the sum of $25,000.00. The plaintiff died on August 5, 1996.
A Motion to Substitute Party was granted (#129) and the personal representative of the deceased, who was appointed by a Florida court, the state where the plaintiff resided at her death, was substituted. The defendant, represented by counsel, did not object. CT Page 9103
A hearing was held on June 25, 1997. The defendant conceded that $6,000.00 was unpaid for 1994. The court finds that there is due and unpaid the total of $25,000.00 for 1995 and for the year 1996, up to the plaintiff's death, there is unpaid a total of $17,300.00.
The suspension of the obligation was obtained "without prejudice" but did serve to protect the defendant from being thereafter found in contempt in the interim.
A hearing on the merits having been held, this court terminates the suspension retroactively to August 21, 1995, finds the defendant indebted to the plaintiff in the amount of $48,300.00 on the periodic orders, no contempt is found, no attorney's fees are awarded, and the remaining issues are all left for another court. This ruling exhausts this court's jurisdiction.
This court distinguishes the case of Sanders v. Sanders, No. 60787 (Superior Court at Norwich, June 16, 1997), 19 CONN. L. RPTR. No. 18, 619, September 1, 1997 (Booth, J.) wherein a motion to substitute a party in order to allow a post judgment contempt motion to be brought against the decedent's former spouse was denied. In that case, the surviving party was proposing to enforce a transfer of real property ordered by the judgment. Nothing was pending concerning that dissolution judgment when Jenni P. Sanders died. The post judgment activity in the present case began before the plaintiff died, involved periodic orders and a pendente order suspending the said orders. To that extent Dalton v. Dalton,
19 CONN. L. RPTR. 169 (Shortall, J.) cited in Sanders is consistent with the present proceedings, (cf. Misheff v. Misheff,
2 Conn. Ops. 67, 1995).
HARRIGAN, J.